BERNARD SHEVLIN, as Administrator, etc., of JOHN SHEVLIN, Deceased, Appellant, v. FRANK L. SCHNEIDER, Respondent.

First Department, July 2, 1920.

**Motor vehicles — negligence — death caused by automobile while operated by chauffeur — liability of owner who has loaned use of car — erroneous charge — new trial — failure to require special finding by jury.**

Where the jury in an action to recover for damages caused by alleged negligence, returned a general verdict without a special finding on the issue

as to whether the defendant's chauffeur at the time of the accident was acting in his employ or in the employ of the defendant's brother to whom the car had been loaned, the Appellate Division will grant a new trial although a finding for the defendant on the issue of negligence and contributory negligence was supported by the evidence, if there was an erroneous charge by the trial court on the other issue.

Where the defendant, who was the owner of the automobile, directed his chauffeur to take out the defendant's brother for the evening and to obey his orders, and the accident occurred after the chauffeur had left the brother at a hotel for dinner, and at a time when the chauffeur was operating the car for his own purposes, there was no change in the relation between the defendant and his chauffeur, and it was error for the court to allow the jury to determine whether or not the chauffeur at the time of the accident was the servant of the defendant or of his brother.

Merrell, J., dissents.

Appeal by the plaintiff, Bernard Shevlin, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 5th day of June, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of June, 1919, denying the plaintiff's motion for a new trial made upon the minutes.

*George M. Curtis* of counsel [*O'Sullivan & Sullivan,* attorneys], for the appellant.

*James B. Henney,* for the respondent.

Laughlin, J.:

This is a statutory action (See Code Civ. Proc. § 1902 *et seq.*) to recover for the death of John Shevlin, who was nearly nine years of age and on the 1st of March, 1918, at about seven-thirty P. M. was struck, run over and killed by a Singer seven-passenger automobile owned by the defendant, which was proceeding westerly on Fifty-sixth street between Third and Lexington avenues.

With respect to the circumstances immediately attending the accident, there was evidence on the part of the plaintiff tending to show that the boy accompanied by a fellow-playmate was walking across the carriageway of Fifty-sixth street diagonally toward the northwest and that the automobile without headlights and without giving any signal or warning ran him

down, and on the part of the defendant tending to show that the boys came running out from the southerly curb and that the automobile was operated with due care both with respect to speed and signals and notwithstanding this, the chauffeur was unable in the exercise of due care to stop the automobile before it came in contact with the decedent and that he had brought it nearly to a stop and that only the left front fender of the automobile struck the decedent. If there were no error prejudicial to the plaintiff on the trial, we would be obliged to assume that on this issue of fact with respect to the negligence of the defendant's chauffeur and the contributory negligence of the decedent or of his parents, the jury found in favor of the defendant and we could not say that such a finding is against the weight of the evidence. We cannot, however, say that the jury so found. This case, like many others that we have had occasion to review of late, is one in which a new trial might have been averted had the jury been requested to make special findings in connection with the general verdict. Defendant and his brother resided together and were engaged in business, if not together, at least, at the same place. Defendant not only owned the automobile, but individually hired and paid the chauffeur to run it. The court was of opinion that the evidence presented a question of fact as to whether the relation of master and servant existed between the defendant and the chauffeur at the time of the accident, which question was deemed to arise on evidence that the defendant loaned the use of the automobile to his brother for that evening. On evidence to that effect, the court submitted to the jury the question as to whether at the time of the accident the chauffeur was the servant of the defendant or of his brother and instructed the jury that if the defendant loaned the use of the car and chauffeur to his brother and the brother assumed the authority and direction and control over the chauffeur, then, for the time being, the chauffeur would be the servant of the brother and cease to be the servant of the defendant, and that if while acting as the servant of the brother the accident occurred, the defendant would not be liable. Counsel for the plaintiff duly excepted to these instructions. We are of opinion that the evidence did not warrant the court in submitting that issue to the

First Department, July, 1920.　　　　[Vol. 193.

jury and that the exception thereto was well taken. There being no special finding, it may be that the jury found adversely to the plaintiff on this issue and, therefore, if the court erred in leaving that issue to the jury there must be a new trial. The chauffeur testified that on the morning of the day of the accident, his employer, the defendant, directed him to take the defendant's brother, Theodore, out that evening; that he called for Theodore at the office after office hours and took him down to 9 East Eleventh street to call for an army officer and then he took the defendant's brother and the army officer to the Waldorf Astoria Hotel where evidently they were to dine and that on leaving them at the Waldorf, Theodore told him to go to his supper and to come back in two hours but did not give him any directions with respect to where he should obtain his supper or what he should do in the meantime; that having a brother who was a chauffeur and kept his car at Fifty-eighth street and Park avenue, he determined to go up there, and not finding his brother there, he went to Goodman's Restaurant on Fifty-ninth street, where he knew his brother usually ate his dinner and found him there; that he had had his supper there and then they went in the automobile down to his brother's room at 145 East Fifty-fifth street, and after remaining there awhile he started with the car to take the brother back to the garage at Fifty-eighth street and Park avenue, which, however, was not the garage where defendant kept his car; that they went up Third avenue and turned westerly into Fifty-sixth street intending to turn northerly at Lexington avenue and met with the accident in that block. Theodore Schneider testified substantially to the same effect as the chauffeur excepting that he says he told the chauffeur to come back in one hour and a half, and he testified that he did not give the chauffeur permission or instruct him to take his brother to his room or to the garage or know that he contemplated so doing and there is no evidence to the contrary. On cross-examination, in answer to a leading question, he said he got the use of the car from his brother; that when he returned to the Waldorf after the accident, the chauffeur narrated the circumstances to him, stating in substance that he had called on his brother and was taking his brother to the garage at the time he struck

the decedent, and Theodore testified that he communicated this to the defendant the next morning. The defendant, however, denied that his brother so informed him with respect to the chauffeur's report concerning the accident, but he admitted that he told him that the chauffeur had had an accident. The evidence would seem to indicate that the chauffeur at the time of the accident was not engaged in his master's business or even in the business of the defendant's brother and that it was not within the scope of his authority to make such use of the automobile; but the original answer admitted that the chauffeur was in his employ and so engaged at the time of the accident, and while the answer was amended by eliminating that, it is some evidence of the fact particularly in view of the testimony of the defendant's brother to the effect that prior to the verifying of the answer, the defendant knew the material circumstances attending the accident. These are the only material facts relating to the point as to whether the chauffeur became the servant, for the time being, of the defendant's brother. I am of opinion that they are wholly insufficient to present an issue of fact on that point. The chauffeur in carrying out his employer's orders to take the employer's brother out that night and in effect to go where told by the brother, was engaged in the performance of duty for his employer and no change of employment was intended and no change thereof resulted by operation of law. The exception to the instructions on this point, therefore, were well taken and require a new trial. On the new trial, however, we suggest that there be in addition to a general verdict a special finding as to whether the chauffeur at the time of the accident was acting for the defendant or within the scope of his employment.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING and PAGE, JJ., concur; MERRELL, J., dissents.

Judgment and order reversed and a new trial ordered, with costs to appellant to abide event.